KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
Tracy L. Klestadt
Joseph C. Corneau
200 West 41st Street, 17th Floor
New York, New York 10036
Telephone: (212) 972-3000
Facsimile: (212) 972-2245

*Proposed Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- X
                                                                   :
In re:                                                             :    Chapter 11
                                                                   :
TGHI, INC.,                                                        :    Case No. 16-10300(MEW)
                                                                   :
                                  Debtor[1].                       :    Joint Administration Requested
                                                                   :
----------------------------------------------------------------- X
                                                                   :
In re:                                                             :    Chapter 11
                                                                   :
PARENT THI, INC.,                                                  :    Case No. 16-10301(MEW)
                                                                   :
                                  Debtor.                          :    Joint Administration Requested
                                                                   :
----------------------------------------------------------------- X

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT**
**TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**DIRECTING JOINT ADMINISTRATION OF THE CHAPTER 11 CASES**

TGHI, Inc. ("**Holdings**") and Parent THI, Inc. ("**Parent**"), as chapter 11 debtors

and debtors in possession (each a "**Debtor**" and collectively the "**Debtors**") in the above-

referenced chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this motion (the "**Motion**")

---

[1] The Debtors, and, if applicable, the last four digits of their taxpayer identification numbers are as follows: Parent THI, Inc. (5521) and TGHI, Inc. (3814).

for entry of an order in substantially the form annexed hereto as **Exhibit A** (the "**Proposed Order**") authorizing the joint administration of these Chapter 11 Cases for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.  In support of the Motion, the Debtors rely upon the Declaration of Christopher Layden Pursuant to Local Bankruptcy Rule 1007-2 and in Support of Chapter 11 Petitions and First Day Motions (the "**First Day Declaration**"), and respectfully represent as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### GENERAL BACKGROUND

4.      On the date hereof (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these cases.

5.      The Debtors respectfully refer the Court and interested parties to the First Day Declaration for a detailed description of the Debtors' businesses and events leading to the commencement of the Chapter 11 Cases.[2]

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the First Day Declaration.

## RELIEF REQUESTED

6.      Pursuant to Bankruptcy Rule 1015(b), the Debtors seek entry of an order directing joint administration of the Chapter 11 Cases for procedural purposes only. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. See 11 U.S.C. § 101(2). Accordingly, the Court is authorized to grant the relief requested herein.

## BASIS FOR RELIEF

7.      The joint administration of these Chapter 11 Cases is in the best interests of the Debtors, their creditors, and all parties-in-interest. Absent entry of an order directing joint administration of these Chapter 11 Cases, day-to-day administration would require duplicative notices, applications and orders. Joint administration eliminates these issues, thereby saving the Debtors' estates significant time and expense. Not only will joint administration provide a definite and tangible benefit to the estates, but it will not harm the rights of creditors, because this Motion requests only administrative, and not substantive, consolidation of the estates. Additionally, (a) the Court would be relieved of the burden of entering duplicative orders and maintaining duplicative dockets and files, and (b) the United States Trustee for Southern District of New York's (the "**U.S. Trustee**") supervision of the administrative aspects of the Chapter 11 Cases would be simplified.

8.      Joint administration of interrelated chapter 11 cases is routinely approved by courts in this district under similar circumstances and is generally non-controversial. See, e.g., In re NII Holdings, Inc., No. 14-12611 (SCC) ( Bankr. S.D.N.Y. Sep. 16, 2014); In re

- 3 -

Genco Shipping & Trading Limited, et. al., No. 14-11108 (SHL) (Bankr. S.D.N.Y. Apr. 23, 2014); In re Legend Parent, Inc., No. 14-10701 (REG) (Bankr. S.D.N.Y. Mar. 21, 2014); In re Sbarro LLC, No. 14-10577 (MG) (Bankr. S.D.N.Y. Mar. 12, 2014).

9.     Accordingly, the Debtors request that the Clerk of the United States Bankruptcy Court for the Southern District of New York (the "**Clerk of the Court**") maintain one file and one docket for the two jointly administered cases under the case number of TGHI, Inc. and that the Clerk of the Court administer the cases under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X
|  |  |  |
|---|---|---|
|  | : |  |
| In re: | : | Chapter 11 |
|  | : |  |
| TGHI, INC., et al., | : | Case No. 16-10300(MEW) |
|  | : |  |
|       Debtors. | : | Jointly Administered |
|  | : |  |

-----------------------------------------------------------------X

10.     All pleadings filed and each notice mailed by the Debtors will include a footnote listing the Debtors and the last four digits of their tax identification numbers. Moreover, the full tax identification numbers and previous names, if any, will be listed in the petition for each Debtor.  Such petitions are publicly available to all parties, including on a website to be maintained by the Debtors' notice and claims agent at http://www.kccllc.net/TGHI, and will be provided by the Debtors upon request.  Therefore, the Debtors submit that the policies behind the requirements for bankruptcy captions governed by Bankruptcy Rule 2002(n) have been satisfied.

11.    The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of Parent:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 Cases of TGHI, Inc., and Parent THI, Inc. The docket in Chapter 11 Case No. 16-10300(MEW) should be consulted for all matters affecting these cases.

## NOTICE

12.    No trustee, examiner or creditors' committee has been appointed in these Chapter 11 Cases. Notice of this Motion has been given to: (a) the Office of the U.S. Trustee for the Southern District of New York; (b) the Prepetition $20 Facility Lenders; (c) counsel to the Prepetition $20 Million Facility Agent; (d) counsel to the PIK Note Administrative Agent; (e) the Internal Revenue Service; and (f) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b). The Debtors submit that no other or further notice need be given.

*[Continued on next page]*

## <u>No Prior Request</u>

13.    No previous request for the relief sought herein has been made to this or

any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order

granting the relief requested and such other or further relief as is just and proper.

Dated:   New York, New York
         February 9, 2016

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:  *Tracy L. Klestadt*
       Tracy L. Klestadt
       Joseph C. Corneau
       200 West 41st Street, 17th Floor
       New York, New York 10036
       Tel: (212) 972-3000
       Fax: (212) 972-2245
       Email:  tklestadt@klestadt.com
                    jcorneau@klestadt.com

       *Proposed Counsel for the Debtors
       and Debtors in Possession*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- X
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
TGHI, INC.,                                                      :    Case No. 16-10300(MEW)
                                                                 :
                        Debtor.                                  :
                                                                 :
----------------------------------------------------------------- X
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
PARENT THI, INC.,                                                :    Case No. 16-10301(MEW)
                                                                 :
                        Debtor.                                  :
                                                                 :
----------------------------------------------------------------- X

**ORDER PURSUANT TO RULE 1015(b) OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "**Motion**")[3] of TGHI, Inc. ("**Holdings**") and Parent THI,

Inc. ("**Parent**"), as chapter 11 debtors and debtors in possession (each a "**Debtor**" and

collectively the "**Debtors**") in the above-referenced chapter 11 cases (the "**Chapter 11 Cases**"),

for entry of an Order directing joint administration of the Chapter 11 Cases; and the Court having

subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to 28

U.S.C. § 1334 and the *Amended Standing Order M-431 of Referral of Cases to Bankruptcy Court*

*Judges of the District Court for the Southern District of New York*, dated January 31, 2012

(Preska, Acting C.J.); and the Motion being a core proceeding under 28 U.S.C. § 157(b); and

venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Motion having been provided, and no other or further notice need be

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Motion.

provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and the First Day Declaration, and having heard the statements in support of the relief requested therein at a hearing before the Court (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion, the First Day Declaration, and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    The above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by this Court in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

3.    The Clerk of the Court shall maintain one file and one docket for all of these Chapter 11 cases, which file and docket shall be the file and docket for the chapter 11 case of TGHI, Inc., Case No. 16-10300(MEW).  The caption of the jointly administered cases is to read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| TGHI, INC., et al., | : | Case No. 16-10300(MEW) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

-----------------------------------------------------------------X

- 2 -

4.      All pleadings shall be filed in the captioned case listed in the paragraph above.

5.      A docket entry shall be entered on the docket of Parent to reflect the joint administration of the Chapter 11 Cases in substantially the following form:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 Cases of TGHI, Inc., and Parent THI, Inc. The docket in Chapter 11 Case No. 16-10300(MEW) should be consulted for all matters affecting these cases.

6.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the estates in these Chapter 11 Cases.

7.      The Debtors and the Clerk of the Court are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Motion.

8.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
_____, 2016

_____
UNITED STATES BANKRUPTCY JUDGE